**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000176
07-NOV-2024
08:08 AM
Dkt. 77 SO**

NO. CAAP-24-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF K.H.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. FC-S No. 20-00182)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

S.K. (**Mother**) appeals from the March 12, 2024 **Order** Terminating Parental Rights entered by the Family Court of the First Circuit.[1]  We affirm.

**Child** was born in 2019.  Mother and A.H. (**Father**) are Child's biological parents.  On November 12, 2020, the Hawaiʻi Department of Human Services (**DHS**) petitioned to place Child and four of Child's half-siblings in temporary foster custody.  A guardian ad litem (**GAL**) was appointed.  An order granting the petition was entered on November 18, 2020.  Child's date of entry into foster care was January 7, 2021.

DHS prepared an initial Safe Family Home Report and Family Service Plan on November 12, 2020.  The goal was for Child to remain in the family without the need for DHS or family court assistance.  Mother was to complete a psychological evaluation

_____

[1]  The Honorable Rebecca A. Copeland presided.

and substance abuse assessment, take part in sexual abuse education and group therapy, complete parenting classes, and cooperate and work with DHS. Mother was informed that her failure to provide a safe family home within two years from the date of Child's entry into foster care may result in her parental rights being terminated.

DHS prepared eight more Safe Family Home Reports and Family Service Plans. The GAL prepared ten reports. After a January 12, 2023 review hearing (over two years after Child entered foster care), the family court ordered DHS to move to terminate parental rights. DHS prepared a **Permanent Plan** on May 16, 2023. The goal was for Child to be adopted by Child's resource caregivers. DHS moved to terminate Mother's parental rights on May 22, 2023.

A trial was held on March 11, 2024. The Order Terminating Parental Rights was entered on March 12, 2024. Mother appealed. The family court entered findings of fact (**FOF**) and conclusions of law (**COL**) on April 17, 2024, consistent with Hawaiʻi Family Court Rule 52.

Mother contends there was insufficient evidence to support the family court's ruling that she "is not presently nor in the reasonably foreseeable future, be [sic] willing and able to provide the Child with a safe family home, even with the assistance of a service plan to warrant the termination of his [sic] parental rights[.]" She challenges FOF nos. 71-73, 100, 110, 118, 122-130, and 133-138, and COL nos. 24-27.

The family court may terminate parental rights in a child under age 14 if there is clear and convincing evidence that the parent **(1)** is not presently willing and able to provide the child with a safe family home, even with the assistance of a service plan; **(2)** it is not reasonably foreseeable that the parent will become willing and able to provide the child with a safe family home, even with the assistance of a service plan, within a reasonable time, which shall not exceed two years from the child's date of entry into foster care; and **(3)** the proposed

2

permanent plan is in the best interests of the child. Hawaii Revised Statutes § 587A-33 (2018).

The family court has wide discretion in deciding termination of parental rights cases, and its decision will not be set aside unless there was a "manifest abuse of discretion." In re Doe, 95 Hawaiʻi 183, 189, 20 P.3d 616, 622 (2001). Its findings of fact are reviewed under the *clearly erroneous* standard. Id. at 190, 20 P.3d at 623. Its conclusions of law are reviewed de novo under the *right/wrong* standard. Id. Its determinations about whether a parent is willing and able to provide a safe family home for their child, and whether it is reasonably foreseeable that a parent will become willing and able to provide a safe family home within a reasonable time, present mixed questions of law and fact reviewed under the *clearly erroneous* standard. Id. Its determination of what is or is not in a child's best interests is also reviewed for clear error. Id. "[T]he family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal." Id. (cleaned up).

During the trial the family court took judicial notice of DHS's and the GAL's reports. The court heard testimony from Mother, the GAL, marriage family therapist Tiffany **Tanaka**, and DHS social worker Renee **San Nicolas**. Mother challenges FOF no. 138, finding San Nicolas's expert testimony to be credible. The family court also found, and Mother does not challenge:

> 139. The expert testimony of Tiffany Tanaka is credible.

> 140. The testimony of Mother, unless otherwise stated above, is not credible. Even if credible, the court gives no or minimal weight to her testimony, unless otherwise stated above.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and

the weight of the evidence; this is the province of the trier of fact." <u>In re Doe</u>, 95 Hawaiʻi at 190, 20 P.3d at 623. We have carefully reviewed the evidence considered by the family court. The findings of fact challenged by Mother are supported by substantial evidence in the record, and are not clearly erroneous. The conclusions of law challenged by Mother are right. The mixed findings and conclusions that: (1) Mother is not presently willing or able to provide Child with a safe family home, even with the assistance of a service plan; (2) it is not reasonably foreseeable that Mother will become willing and able to provide Child with a safe family home, even with the assistance of a service plan, within a reasonable time not to exceed two years from Child's date of entry into foster care; and (3) the Permanent Plan is in Child's best interests, were not clearly erroneous.

The family court's March 12, 2024 Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawaiʻi, November 7, 2024.

On the briefs:

Tae Chin Kim,
for Respondent-Appellant
Mother.

Kurt J. Shimamoto,
Julio C. Herrera,
Abigail D. Apana,
for Petitioner-Appellee
Department of Human Services.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge